Wm. F. Borck, Administrator, *v.* Cincinnati Gas & Electric Co.

1. City ordinances relating to the location of poles and the insulation of electric wires, etc., fall within the class of regulations established for the benefit of the general public only, and do not constitute a ground of private action for individuals not in the class intended to be protected thereby.

2. No cause of action arises in favor of a telephone lineman who goes upon the poles of an electric light company with its acquiescence, but as a mere licensee, to repair wires belonging to his employer, and who receives personal injuries as a result of the defective insulation of the wires of such light company.

Hosea, J.

Demurrer to petition.

The material facts pleaded are that plaintiff's intestate, an employe of the City & Suburban Telephone Association, was injured by contact with a "tie-wire" of the wire system of the Cincinnati Gas & Electric Company, while standing on a pole of the latter company engaged in repairing wires of the telephone company strung above the wires of the gas and electric company. He avers that he was injured while in the proper discharge of his duty to the telephone company, and was upon the pole of the gas and electric company according to a usage and custom of the telephone employes in Cincinnati, which custom was established by consent and with the knowledge of said gas and electric company; and charges negligence of said company in the location of their poles and wires and failure to maintain proper insulation, in violation of an ordinance of the city of Cincinnati.

The demurrer challenges the sufficiency of the facts alleged to constitute a cause of action.

So far as the city ordinance relating to the location of poles and insulation of the wires is concerned, such regulations fall within the class established for the public benefit

only, and do not constitute a ground of private action for individuals, not of the class intended to be protected by such ordinance. Shearman & Redfield, Negligence, Section 13, 13*a*; *Clev., A. & C. Ry.* v. *Workman,* 66 Ohio St., 509, 542; *Erie Ry.* v. *McCormick,* 69 Ohio St., 45, 52.

The ordinance therefore may be treated as a negligible quantity, for these and other reasons to be stated.

In the case of *Clarke* v. *Telephone Assn.,* 16 Dec., —, I called attention to the very different measure of duty and obligation as between such companies maintaining electric wire systems in public streets, toward the public, and as between themselves. This difference grows out of the relative character of negligence as depending upon "some circumstance of time, place, or person" (*Needham* v. *Railway,* 37 Cal., 409, 410) ; and of the further and consequential fact that the omission of duty is not a predicate of actionable negligence unless it results in injury to one for whose protection the duty is imposed; and this implies to duties imposed by ordinance as well as those imposed by rules of general law. *Burdick* v. *Cheadle,* 26 Ohio St., 393; *Erie Ry.* v. *McCormick,* 69 Ohio St., 45.

The plaintiff's decedent was not injured while using the streets for the ordinary purposes of travel as one of the general public. Had this been the case he would have been entitled to all the protection which the law affords the citizen as against dangerous agencies maintained in the streets. He was, when injured, upon one of the poles of the gas company and the injury was in consequence of his being there. The allegation is that he was there by a custom of the telephone employes acquiesced in by the gas and electric company. This constitutes him a mere licensee, and he had the rights—and only the rights—of a licensee upon the premises of another.

This circumstance, as a factor in negligence cases, was fully discussed by Judge Boynton in the leading case of *Pittsburgh, Ft. W. & C. Ry.* v. *Bingham,* 29 Ohio St., 364, where there is an interesting citation and analysis of the authorities, beginning with the "Stone Quarry" case of

*Hounsell* v. *Smith,* 7 Com. B. (N. S.), 731, in which it was held that:

"The person so traveling over such waste lands must take the permission with its concomitant conditions and, it may be, perils."

This able opinion of Judge Boynton has been cited and his views approved in later cases. *Cin., H. & D. Ry.* v. *Aller,* 64 Ohio St., 183, 192; *Clev., A. & C. Ry.* v. *Workman,* 66 Ohio St., 509, 539; *Ann Arbor Ry.* v. *Kinz,* 68 Ohio St., 210, 222. In the latter case the rule is thus stated:

"The owner * * * of land is not bound to take pains to prepare his premises in any particular way to the end of promoting the safety of * * * trespassers or as bare licensees; but * * * they take the premises as they find them, and if killed or injured by reason of the condition in which they find them, this does not give a right to an action for damages." Citing 1 Thompson, Negligence, Section 1025*b*.

Upon these authorities it seems to me clear that the demurrer must be sustained, and it is so ordered.

Demurrer sustained.

*Thos. L. Michie,* for plaintiff.
*Smith Hickenlooper,* for defendant.